### AMERICAN CAR & FOUNDRY CO. v. THORNTON.

(Circuit Court of Appeals, Third Circuit. November 28, 1910.)

#### No. 8.

1. MASTER AND SERVANT (§§ 286, 288*)—ACTION FOR INJURY TO SERVANT—SUFFICIENCY OF EVIDENCE.

In an action by an employé against the master to recover for an injury to plaintiff while operating a machine, evidence tending to show that the operating of such machine was dangerous to the operator, unless skilled, and that plaintiff was without experience and was given no instructions, *held* to justify the submission of the questions of assumption of risk and failure of defendant to give instructions to the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. §§ 286, 288.*]

2. EVIDENCE (§ 474*)—OPINION EVIDENCE.

In an action for an injury to an employé while operating a machine with which he was unfamiliar, the testimony of witnesses who were experienced with such machines as to pertinent matters which rendered their operation dangerous was competent; but the conclusion of an inexperienced witness that there was no danger in operating the machine was inadmissible.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 474.*]

3. WORDS AND PHRASES—"REAMING MACHINE."

A "reaming machine" is a heavy, cumbersome device, which reams or enlarges bolt holes already drilled.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

In Error to the Circuit Court of the United States for the Middle District of Pennsylvania.

Action by Oscar S. Thornton against the American Car & Foundry Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Sprout & Cupp, for plaintiff in error.

Sherwood & Hess, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and CROSS, District Judge.

BUFFINGTON, Circuit Judge. In the court below Oscar S. Thornton brought suit and recovered a verdict against the American Car & Foundry Company for personal injuries. On entry of judgment thereon the latter sued out this writ, and assigned for error the court's admission of the testimony of Jacobsky and Thomas, witnesses for plaintiff; the exclusion of certain testimony of Faust, a witness for defendant; and the refusal of binding instructions in defendant's favor.

After a careful review of all the testimony we find no error. That testimony tends to show the defendant was engaged in manufacturing steel cars; that Thornton had for some days worked as a laborer and as foreman of a hoisting crane in its works; that about four days before the injury complained of he was put to work, under an experienced operator, as helper on a reaming machine. This is a heavy, powerful device, run by air, at from 250 to 300 revolutions per minute. It reams or enlarges bolt holes already drilled. As helper, Thornton's duty was simply to hold the machine steady, taking no part in its control or operation. After working four days as helper, Thornton was put in charge of the machine, and was given no instruction, although he told the superintendent he knew nothing about it and that it was too heavy for a man of his light build. He was told to "go ahead and do the best you can." He was given an inexperienced helper named Faust. After trying to work for some time and not accomplishing much, Thornton found the end of the half-inch reamer bit he was using was broken and would not cut. Pursuant to previous orders from the foreman, he took the bit to the toolroom and was told by the man in charge that he had no half-inch bit, but that he should use a seven-sixteenth one which he gave him. This bit was worn or rounded off at the tang shoulder. Thornton then showed it to the foreman, who told him he could use it by tapping it with a hammer when it came loose; that it would fasten all right, and for him to use it until he got him another. He followed these directions; but the bit, being, as he contended, too small, kicked, wobbled, and finally flew out, and a chip therefrom caused the injury to his eye complained of.

There was evidence as to the danger in running a reamer. When on the stand the defendant's foreman was asked what experience and instruction were required to operate such a machine, and said:

"It would be well for you to take a man down there and show him how to operate the machine, fix his reamer, or something like that," and that "a man

with ordinary intelligence could learn to run one of those machines in ten hours of time."

On the plaintiff's side there was proof tending to show the dangerous character of a reaming machine, that it required instructions to work it as safely as possible, that by the use of a relatively smaller sized bit than the hole required, and by the wear or rounding of the tang shoulder, the danger was increased through wobbling. In view of this testimony, the court committed no error in refusing binding instructions and submitting the case, as it did, on the questions of the plaintiff's assumption of risk and the defendant's failure to give instructions.

Nor was there error in its rulings as to testimony. The plaintiff's witnesses, Jacobsky and Thomas, were experienced in the operations of reaming machines, knew the dangers incident thereto, and their testimony was as to matters which made their operation dangerous. With such facts before them, the jury was better qualified to judge whether the work was dangerous, and whether those dangers were such as to be patent, assumed risks, or so latent as to call for warning and instruction to an inexperienced man. On the other hand, we find no error in excluding the testimony of Faust, whose sole experience on such machine was the few hours he acted as Thornton's helper. He was asked to testify to the broad, general conclusion that there was no danger in operating such a machine. But, apart from his lack of qualification as an experienced man, that was a question for the jury, not for him, and the court properly sustained the objection.

Finding no error in the judgment, it will be affirmed.